**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
www.okwd.uscourts.gov

**JOAN KANE**
CLERK

**SHANNON M. SHOULDERS**
CHIEF DEPUTY

200 N.W. 4th Street, Room 1210
Oklahoma City, Oklahoma 73102
(405) 609-5000   Fax (405) 609-5099

December 1, 2025

[✓] Pro Se   [ ] Retained   [ ] Court Appointed (IFP Granted)   [ ] USA

Case No: CIV-25-279-J                             Date Filed: 12/1/2025

Style of Case: Luther et al v. Oklahoma Department of Human Services et al

Appellant: Hailie Nicole Luther

[✓] Notice of Appeal                    [ ] Amended Notice of Appeal
[ ] Interlocutory Appeal                [ ] Cross Appeal
                                        [ ] Tenth Cir. Case No.

Pro se Appellant:
[✓] Motion IFP Forms Mailed/Given   [ ] Motion IFP Filed   [ ] Appeal Fee Paid

Retained Counsel:
[ ] Appeal Fee Paid   [ ] Appeal Fee Not Paid

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms and procedures concerning the requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record found on the Tenth Circuit's website, www.ca10.uscourts.gov.

Payment for this case or motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 working days after the notice of appeal was filed in the Circuit Court. This form must contain the signature of the court reporter if transcripts are being ordered.

If you have questions, please contact this office.

Sincerely,

JOAN KANE, COURT CLERK

by:  s/ R. Popp
        Case Administrator

cc:   Clerk of the Court, Tenth Circuit Court of Appeals

APPEAL,CLOSED,MAXFIELD,_TLC
Email All Attys
Email All Attys and Secondary Emails

# U.S. District Court
# Western District of Oklahoma[LIVE] (Oklahoma City)
# CIVIL DOCKET FOR CASE #: 5:25−cv−00279−J

| | |
|---|---|
| Luther et al v. Oklahoma Department of Human Services et al | Date Filed: 03/04/2025 |
| Assigned to: Judge Bernard M. Jones, II | Date Terminated: 11/03/2025 |
| Demand: $9,999,000 | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Hailie Nicole Luther**
*individually*

represented by **Hailie Nicole Luther**
2 Hillcrest Drive
Chickasha, OK 73018
405−892−3367
Email:
PRO SE

**Plaintiff**

**Hailie Nicole Luther**
*As the natural mother of G.N.L.*
*TERMINATED: 04/16/2025*

represented by **Hailie Nicole Luther**
(See above for address)
PRO SE

V.

**Defendant**

**Oklahoma Department of Human Services**
*THE STATE OF OKLAHOMA, ex rel,; an Oklahoma Political Subdivision*

represented by **Amanda M. Self**
Oklahoma Department of Human Services
General Counsel
P.O. Box 25352
Oklahoma City, OK 73125
405−521−3638
Email: amanda.self@okdhs.org
Email: amanda.self@okdhs.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chloe Walker**
*in her individual capacity*

represented by **Amanda M. Self**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Case**
*in his individual capacity*

represented by **Amanda M. Self**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christie Upchurch**  represented by  **Amanda M. Self**
*in her individual capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alicia Jackson**  represented by  **Amanda M. Self**
*in her individual capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Case**  represented by  **Amanda M. Self**
*in her individual capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Taryn Montenegro**  represented by  **Amanda M. Self**
*in her individual capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Destenie Miramontes**  represented by  **Amanda M. Self**
*in her individual capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chloe Walker**  represented by  **Amanda M. Self**
*in her official capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Case**  represented by  **Amanda M. Self**
*in his official capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christie Upchurch**  represented by  **Amanda M. Self**
*in her official capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alicia Jackson**  represented by  **Amanda M. Self**
*in her official capacity*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

2

| | |
|---|---|
| **Jennifer Case** <br> *in her official capacity* | **Amanda M. Self** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Taryn Montenegro** <br> *in her official capacity* | represented by **Amanda M. Self** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Destenie Miramontes** <br> *in her official capacity* | represented by **Amanda M. Self** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/04/2025 | 1 | | COMPLAINT against Jennifer Case, Michael Case, Alicia Jackson, Destenie Miramontes, Taryn Montenegro, Oklahoma Department of Human Services, Christie Upchurch, Chloe Walker filed by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually). (Attachments: # 1 Civil Cover Sheet)(rp) (Entered: 03/04/2025) |
| 03/04/2025 | 2 | | MOTION for Leave to Proceed in forma pauperis by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually). (rp) (Entered: 03/04/2025) |
| 03/04/2025 | 3 | | NOTICE (other) titled, "NOTICE OF PRO SE REPRESENTATION" by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually) (rp) (Entered: 03/04/2025) |
| 03/04/2025 | 4 | | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually). (Attachments: # 1 Appendix, # 2 Exhibit 1 – Transcript between Taryn Montenegro and Hailie, # 3 Exhibit 2 – Five Oaks Medical Records, # 4 Exhibit 3 – OU Medical Records, # 5 Exhibit 4 – DHS Affidavit, # 6 Exhibit 5 – Motion to Vacate Due to Fraud upon the Court, # 7 Exhibit 6 – Affidavit of Hai lie Nicole Luther authenticating, # 8 Exhibit 7 – Affidavit ofHailie Nicole Luther regarding DHS, # 9 Exhibit 8 – Affidavit ofHailie Nicole Luther regarding Medical)(rp) (Entered: 03/04/2025) |
| 03/04/2025 | 5 | | MOTION to Expedite by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually). (Attachments: # 1 Appendix, # 2 Exhibit 1 – Transcript between Taryn Montenegro and Hailie, # 3 Exhibit 2 – Five Oaks Medical Records, # 4 Exhibit 3 – OU Medical Records, # 5 Exhibit 4 – DHS Affidavit, # 6 Exhibit 5 – Motion to Vacate Due to Fraud upon the Court, # 7 Exhibit 6 – Affidavit of Hai lie Nicole Luther authenticating, # 8 Exhibit 7 – Affidavit ofHailie Nicole Luther regarding DHS, # 9 Exhibit 8 – Affidavit ofHailie Nicole Luther regarding Medical)(rp) (Entered: 03/04/2025) |
| 04/02/2025 | 6 | | **ORDER** ~ Plaintiff's motion to proceed IFP 2 is GRANTED. Any amended complaint must be filed within 21 days of the date of this Order or by April 23, 2025 and must comply with the standards outlined above. If Plaintiff chooses |

| | | | |
|---|---|---|---|
| | | | not to file an amended complaint, judgment will be entered in Defendants' favor. Finally, Plaintiff's motions for injunctive relief 4 and expedited proceedings under Rule 57 5 are DENIED. Signed by Judge Bernard M. Jones on 4/2/2025. (dwl) (Entered: 04/02/2025) |
| 04/11/2025 | 7 | | MOTION to Amend/Correct 1 Complaint, by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually). (Attachments: # 1 Attachment 1 – First Amended Complaint, # 2 Appendix, # 3 Exhibit 1 – Internal DHS Documents, # 4 Exhibit 2 – DHS Application, # 5 Exhibit 3 – DHS Affidavit, # 6 Exhibit 4 – Sworn Affidavit _ Walker, # 7 Exhibit 5 – Counseling Records, # 8 Exhibit 6 – Forensic Interview, # 9 Exhibit 7 – Transcripts of Call with Sally, # 10 Exhibit 8 – Transcript with DHS, # 11 Exhibit 9 – Transcripts with DHS Background, # 12 Exhibit 10 –Transcript of DHS_Montenegro, # 13 Exhibit 11 – Transcripts of DHS Safety Plan, # 14 Exhibit 12 – Transcript of DHS Safety Meeting, # 15 Exhibit 13 – Transcript of 12–23–24, # 16 Exhibit 14 –DHS Appeal Denial, # 17 Exhibit 15 – 10A O.S. 1–4–205 Filing Statute, # 18 Exhibit 16 – DHS Appeal Denial Letter, # 19 Exhibit 17 – Appeal Submitted, # 20 Exhibit 18 – DA Closure Communication, # 21 Exhibit 19 – DHS Case Notes, # 22 Exhibit 20 – DHS Case Notes_Grandmothers Home, # 23 Exhibit 21 – Transcript of DHS_Walker)(rp) (Entered: 04/14/2025) |
| 04/11/2025 | 8 | | MOTION to Expedite by Hailie Nicole Luther(As the natural mother of G.N.L.), Hailie Nicole Luther(individually). (rp) (Entered: 04/14/2025) |
| 04/16/2025 | 9 | | **ORDER** ~ Granting 7 Plaintiff's motion for leave to file an amended complaint. The Clerk of Court is DIRECTED to file the proposed amended complaint, as the operative complaint, with the remaining documents as exhibits thereto. Plaintiff's renewed motion for expedited proceedings 8 is DENIED. Signed by Judge Bernard M. Jones on 4/16/2025. (dwl) (Entered: 04/16/2025) |
| 04/16/2025 | 10 | | AMENDED COMPLAINT against Jennifer Case(in her official capacity), Jennifer Case(in her individual capacity), Michael Case(in his official capacity), Michael Case(in his individual capacity), Alicia Jackson(in her individual capacity), Alicia Jackson(in her official capacity), Destenie Miramontes(in her official capacity), Destenie Miramontes(in her individual capacity), Taryn Montenegro(in her individual capacity), Taryn Montenegro(in her official capacity), Oklahoma Department of Human Services, Christie Upchurch(in her individual capacity), Christie Upchurch(in her official capacity), Chloe Walker(in her individual capacity), Chloe Walker(in her official capacity) filed by Hailie Nicole Luther(individually). (Attachments: # 1 Appendix, # 2 Exhibit 1 – Internal DHS Documents, # 3 Exhibit 2 – DHS Application, # 4 Exhibit 3 – DHS Affidavit, # 5 Exhibit 4 – Sworn Affidavit _ Walker, # 6 Exhibit 5 – Counseling Records, # 7 Exhibit 6 – Forensic Interview, # 8 Exhibit 7 – Transcripts of Call with Sally, # 9 Exhibit 8 – Transcript with DHS, # 10 Exhibit 9 – Transcripts with DHS Background, # 11 Exhibit 10 –Transcript of DHS_Montenegro, # 12 Exhibit 11 – Transcripts of DHS Safety Plan, # 13 Exhibit 12 – Transcript of DHS Safety Meeting, # 14 Exhibit 13 – Transcript of 12–23–24, # 15 Exhibit 14 –DHS Appeal Denial, # 16 Exhibit 15 – 10A O.S. 1–4–205 Filing Statute, # 17 Exhibit 16 – DHS Appeal Denial Letter, # 18 Exhibit 17 – Appeal Submitted, # 19 Exhibit 18 – DA Closure Communication, # 20 Exhibit 19 – DHS Case Notes, # 21 Exhibit 20 – DHS Case Notes_Grandmothers Home, # 22 Exhibit 21 – Transcript of DHS_Walker)(rp) |

| | | | |
|---|---|---|---|
| | | | (Entered: 04/16/2025) |
| 04/29/2025 | 11 | | MOTION for Order titled, "PLAINTIFF'S MOTION FOR ISSUANCE OF SUMMONS AND AUTHORIZATION OF SERVICE" by Hailie Nicole Luther(individually). (Attachments: # 1 Attachment 1 – Proposed Order)(rp) (Entered: 04/29/2025) |
| 04/30/2025 | 12 | | **ORDER** ~ Denying 11 Plaintiff's motion for issuance of summons, as more fully set out in the Order. Signed by Judge Bernard M. Jones on 4/30/2025. (dwl) (Entered: 04/30/2025) |
| 05/01/2025 | 13 | | NOTICE (other) titled, "NOTICE OF CLARIFICATION AND RULE 8 COMPLIANCE STATEMENT" by Hailie Nicole Luther(individually) (Attachments: # 1 Exhibit 1 – Table of Compliance)(rp) (Entered: 05/01/2025) |
| 07/01/2025 | 14 | | **ORDER** ~ On April 16, 2025, Plaintiff provided summonses for Defendants. The Court has now reviewed her Amended Complaint and now orders the Clerk of Court to issue those summonses and return them to Plaintiff. Before that can occur, Plaintiff must provide the Clerk of Court the following documents for each Defendant: (1) one USM–285 form; (2) one copy of the Amended Complaint; and (3) two copies of the issued–summonses. Said documents shall be provided to the Clerk of Court by July 22, 2025. Once the necessary documents are received, the United States Marshal or Deputy Marshal shall perfect service on Plaintiff's behalf. Signed by Judge Bernard M. Jones on 7/1/2025. (dwl) (Entered: 07/01/2025) |
| 07/07/2025 | 15 | | MOTION to Expedite titled, "RENEWED MOTION FOR EXPEDITED CONSIDERATION, NOTICE OF IMMINENT HARM, AND REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER" by Hailie Nicole Luther(individually). (Attachments: # 1 Attachment 1 – Notice of Exhibits in Support, # 2 Exhibit 1 – Notice of filing Exhibit)(rp) (Entered: 07/07/2025) |
| 07/07/2025 | 16 | | Summons Issued Electronically as to Jennifer Case(in her official capacity), Jennifer Case(in her individual capacity), Michael Case(in his official capacity), Michael Case(in his individual capacity), Alicia Jackson(in her individual capacity), Alicia Jackson(in her official capacity), Destenie Miramontes(in her official capacity), Destenie Miramontes(in her individual capacity), Taryn Montenegro(in her individual capacity), Taryn Montenegro(in her official capacity), Oklahoma Department of Human Services, Christie Upchurch(in her individual capacity), Christie Upchurch(in her official capacity), Chloe Walker(in her individual capacity), Chloe Walker(in her official capacity). (rp) (Entered: 07/07/2025) |
| 07/08/2025 | 17 | | Summons Issued Electronically as to Oklahoma Department of Human Services–US Attorney's Office–Western District. (alw) (Entered: 07/08/2025) |
| 07/14/2025 | 18 | | **ORDER** ~ Denying 15 Plaintiff's motion for injunctive relief and expedited proceedings is DENIED, as more fully set out in the Order. Signed by Judge Bernard M. Jones on 7/14/2025. (dwl) (Entered: 07/14/2025) |
| 07/15/2025 | 19 | | SUMMONS Returned Executed by Hailie Nicole Luther(individually). Michael Case(in his official capacity) served on 7/10/2025; Michael Case(in his individual capacity) served on 7/10/2025; Destenie Miramontes(in her official capacity) served on 7/10/2025; Destenie Miramontes(in her individual capacity) served on 7/10/2025; Taryn Montenegro(in her individual capacity) served on |

| | | |
|---|---|---|
| | | 7/10/2025; Taryn Montenegro(in her official capacity) served on 7/10/2025; Oklahoma Department of Human Services served on 7/10/2025; Christie Upchurch(in her individual capacity) served on 7/10/2025; Christie Upchurch(in her official capacity) served on 7/10/2025. (rp) (Entered: 07/16/2025) |
| 07/31/2025 | 20 | ENTRY of Appearance by Amanda M. Self on behalf of All Defendants (Self, Amanda) (Entered: 07/31/2025) |
| 07/31/2025 | 21 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* by Oklahoma Department of Human Services. (Self, Amanda) (Entered: 07/31/2025) |
| 07/31/2025 | 22 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* by Michael Case(in his official capacity), Michael Case(in his individual capacity), Destenie Miramontes(in her official capacity), Destenie Miramontes(in her individual capacity), Taryn Montenegro(in her individual capacity), Taryn Montenegro(in her official capacity), Christie Upchurch(in her individual capacity), Christie Upchurch(in her official capacity). (Self, Amanda) (Entered: 07/31/2025) |
| 08/07/2025 | 23 | RESPONSE in Opposition re 22 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by Hailie Nicole Luther(individually). (rp) (Entered: 08/07/2025) |
| 08/07/2025 | 24 | RESPONSE in Opposition re 21 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by Hailie Nicole Luther(individually). (rp) (Entered: 08/07/2025) |
| 08/07/2025 | 25 | MOTION for Disclosure titled, "PLAINTIFF'S MOTION FOR DISCLOSURE OF POTENTIAL CONFLICT OF INTEREST AND FOR PROTECTIVE ORDER REGARDING JOINT COUNSEL" by Hailie Nicole Luther(individually). (rp) (Entered: 08/07/2025) |
| 08/12/2025 | 26 | SUMMONS Returned Executed by Hailie Nicole Luther(individually). Jennifer Case(in her official capacity) served on 8/8/2025; Jennifer Case(in her individual capacity) served on 8/8/2025; Alicia Jackson(in her individual capacity) served on 8/8/2025; Alicia Jackson(in her official capacity) served on 8/8/2025; Chloe Walker(in her individual capacity) served on 8/8/2025; Chloe Walker(in her official capacity) served on 8/8/2025. (rp) (Entered: 08/12/2025) |
| 08/13/2025 | 27 | **ORDER** ~ Denying 25 Plaintiff's Motion for Disclosure of Potential Conflict of Interest, as more fully set out in the Order. Signed by Judge Bernard M. Jones on 8/13/2025. (dwl) (Entered: 08/13/2025) |
| 08/29/2025 | 28 | ENTRY of Appearance by Amanda M. Self on behalf of Jennifer Case(in her official capacity), Jennifer Case(in her individual capacity), Alicia Jackson(in her individual capacity), Alicia Jackson(in her official capacity), Chloe Walker(in her individual capacity), Chloe Walker(in her official capacity) (Self, Amanda) (Entered: 08/29/2025) |
| 08/29/2025 | 29 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* by Jennifer Case(in her official capacity), Jennifer Case(in her individual capacity), Alicia Jackson(in her individual capacity), Alicia Jackson(in her official capacity), Chloe Walker(in her individual capacity), Chloe Walker(in her official capacity). (Self, Amanda) (Entered: 08/29/2025) |

| | | | |
|---|---|---|---|
| 09/04/2025 | 30 | | RESPONSE in Opposition re 29 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by Hailie Nicole Luther(individually). (rp) (Entered: 09/04/2025) |
| 09/18/2025 | 31 | | REPLY to Response to Motion re 29 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by Jennifer Case(in her official capacity), Jennifer Case(in her individual capacity), Alicia Jackson(in her individual capacity), Alicia Jackson(in her official capacity), Chloe Walker(in her individual capacity), Chloe Walker(in her official capacity). (Self, Amanda) (Entered: 09/18/2025) |
| 09/24/2025 | 32 | | MOTION for Leave to File Sur–Reply by Hailie Nicole Luther(individually). (Attachments: # 1 Attachment 1 – Plaintiff's Sur reply in opposition)(rp) (Entered: 09/24/2025) |
| 09/26/2025 | 33 | | **ORDER** ~ Granting 32 Plaintiff's Motion for Leave to File Sur–Reply. Plaintiff may file a sur–reply by October 2, 2025. Signed by Judge Bernard M. Jones on 9/26/2025. (dwl) (Entered: 09/26/2025) |
| 10/01/2025 | 34 | | SURREPLY re 31 Reply to Response to Motion, filed by Hailie Nicole Luther(individually). (naa) (Entered: 10/01/2025) |
| 11/03/2025 | 35 | 8 | **ORDER** ~ Granting Defendants' motions to dismiss [Doc. Nos. 21, 22, 29] and DISMISSES Plaintiff's Amended Complaint with prejudice, as more fully set out in the Order. A separate judgment will enter. Signed by Judge Bernard M. Jones, II on 11/3/2025. (dwl) (Entered: 11/03/2025) |
| 11/03/2025 | 36 | 16 | **JUDGMENT** ~ Pursuant to an Order filed this same day, judgment is entered for Defendants and against Plaintiff. Signed by Judge Bernard M. Jones, II on 11/3/2025. (dwl) (Entered: 11/03/2025) |
| 12/01/2025 | 37 | | NOTICE OF APPEAL as to 35 Order on Motion to Dismiss/Lack of Jurisdiction,,,,, 36 Judgment by Hailie Nicole Luther(individually). (rp) (Entered: 12/01/2025) |

Case 5:25-cv-00279-J   Document 35   Filed 12/03/25   Page 1 of 6
Case 5:25-cv-00279-J   Document 35-1   Filed 12/03/25   Page 1 of 16
Appellate Case: 25-6195   Document: 1-1   Date Filed: 12/02/2025   Page: 9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAILIE NICOLE LUTHER, individually and as the natural mother of G.N.L., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CIV-25-279-J |
| THE STATE OF OKLAHOMA ex rel. THE OKLAHOMA DEPARTMENT OF HUMAN SERVICES, et al., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff Hailie Nicole Luther, proceeding pro se, filed her Amended Complaint (Amend. Compl.) [Doc. No. 10] on April 16, 2025 against the Oklahoma Department of Human Services (DHS) and the following seven DHS employees in both their official and individual capacities: Chloe Walker, Michael Case, Christie Upchurch, Alicia Jackson, Jennifer Case, Taryn Montenegro, and Destenie Miramontes. In July 2025, both DHS [Doc. No. 21] and Michael Case, Miramontes, Montenegro, and Upchurch [Doc. No. 22] filed motions to dismiss. The following month, Jennifer Case, Jackson, and Walker also moved to dismiss [Doc. No. 29].[1] Plaintiff responded to all three motions [Doc. Nos. 23, 24, 30], to which only Defendants Jennifer Case, Jackson, and Walker replied [Doc. No. 31]. Plaintiff then filed a sur-reply [Doc. No. 34]. For the reasons below, the Court GRANTS Defendants' motions to dismiss [Doc. Nos. 21, 22, 29].

**I.   Background**

This dispute arises out of the custody battle for Plaintiff's minor child, G.N.L. In December 2020, G.N.L.'s father, Noah Riedmann, initiated a paternity case in Oklahoma state court. *See*

---

[1] All page citations refer to the Court's CM/ECF pagination.

8

*Riedmann v. Luther*, No. FP-2020-48 (Grady Cnty. Dist. Ct.). Plaintiff was ultimately awarded primary custody of the child, while Riedmann was granted standard visitation rights. On August 21, 2024, however, Riedmann moved for emergency custody, citing DHS' recent removal of G.N.L. from Plaintiff's care due to her repeated invasive examinations of the child, conducted in an effort to substantiate claims that Riedmann was abusive.[2] The state district court granted Riedmann's emergency request on September 4, 2024 and proceedings for permanent custody remain ongoing.

In March 2025, Plaintiff filed this civil rights action and an application to proceed in forma pauperis (IFP). [Doc. Nos. 1-2]. On April 2, 2025, the Court granted her IFP status but dismissed her Complaint for failure to state a claim. *See* [Doc. No. 6]. The Court granted her leave to amend with respect to her claims against DHS employees in their individual capacities but dismissed all claims against DHS and its employees in their official capacities with prejudice. *Id.* at 16-17.

Plaintiff then filed her Amended Complaint, alleging that DHS and the DHS employees, in both their official and individual capacities, violated her First, Fourth, and Fourteenth Amendment rights. Amend. Compl. at 12-17. She also asserts that the DHS employees, in both

---

[2] Attached to Plaintiff's Amended Complaint is a DHS record indicating that the agency initially received a referral alleging that Riedmann was abusing G.N.L. during his visitation periods. *See* Amend. Compl., Ex. 5 at 1. In the course of investigating these allegations, however, DHS concluded that Plaintiff posed an "imminent safety threat" to G.N.L., citing concerns that Plaintiff had repeatedly "taken [her] to medical exams and posed [her] for nude 'up close' and detailed photos of her private region . . . regardless of previous concerns stated by [] medical providers." *Id.*, Ex. 5 at 3. Defendants do not dispute the accuracy of the DHS records supplied by Plaintiff and, accordingly, the Court takes judicial notice of the records. *See Amann v. Utah Att'y Gen.*, No. 2:18-CV-341-JNP, 2025 WL 1348991, at *1 (D. Utah May 8, 2025) (allowing courts to take judicial notice of any information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

2

their official and individual capacities, violated the Americans with Disabilities Act (ADA) and committed state law fraud. *Id.* at 17-20.

As a threshold matter, the Court notes that Plaintiff did not heed its previous Order and again brings claims against DHS and the DHS employees in their official capacities. *See* [Doc. No. 6 at 16-17]. Thus, prior to reaching the merits of Defendants' motions, the Court dismisses all claims against DHS and the DHS employees in their official capacities.[3]

After dismissing Plaintiff's previously barred claims, the Amended Complaint still alleges that the DHS employees, in their individual capacities: (1) violated the First, Fourth, and Fourteenth Amendments; (2) violated the ADA; and (3) committed state law fraud.

## II.   Legal Standard

A complaint warrants dismissal for failure to state a claim if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While specific facts are not necessary, a plaintiff must "set forth plausible [allegations]" for each element of a claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

And while it is well settled that "*pro se* [filings are] to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up), pro se plaintiffs must still "comply[] with the pleading requirements of *Iqbal*, and the district court cannot become an advocate by

---

[3] To the extent Plaintiff's Amended Complaint attempts to bring an Indian Child Welfare Act claim, the Court dismissed her initial ICWA claim with prejudice, *see* [Doc. No. 6 at 17], and Plaintiff is therefore barred from the raising the claim again.

3

constructing arguments on behalf of the plaintiff." *Chase v. Divine*, 543 F. App'x 767, 769 (10th Cir. 2013) (cleaned up).

### III. Analysis

#### A. First, Fourth, and Fourteenth Amendment Claims

Plaintiff first seeks redress against the DHS employees for violating the First, Fourth, and Fourteenth Amendments. *See* Amend. Compl. at 12-17.

To successfully state a First Amendment retaliation claim, a plaintiff must allege: (1) she engaged in constitutionally protected speech; (2) the defendant's action caused an injury "that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the defendant's adverse action was substantially motivated by the plaintiff's exercise of constitutionally protected conduct. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

Here, Plaintiff asserts that Montenegro, Michael Case, Upchurch, and Miramontes retaliated against her by revoking her visitation rights after she engaged in constitutionally protected advocacy for her child. Amend. Compl. at 14-15. Even assuming Plaintiff could satisfy the first two elements of her claim, Montenegro, Michael Case, Upchurch, and Miramontes argue that Plaintiff's allegations fail to "connect[] . . . her exercise of free speech" to the alleged adverse action. [Doc. No. 22 at 36]. Plaintiff counters that "[t]he timing and nature of [the revocation of visitation rights] demonstrate[s] that" her outspoken advocacy for G.N.L. "was a substantial or motivating factor in Defendants' conduct." Amend. Compl. at 10. But Plaintiff fails to specify the timing of her protected activity or the date her visitation rights were revoked. Further, while the timing between a protected activity and an adverse action can help "justify an inference of retaliatory motive," temporal proximity alone cannot establish motive. *Lobato v. N.M. Envir. Dept., Envir. Health Div.*, 838 F. Supp. 2d 1213, 1230 (D. N.M. 2011) (citing *Baca v. Sklar*, 398

4

F.3d 1210, 1222 (10th Cir. 2005)).  And here, Plaintiff's Amended Complaint simply lacks any other allegations that suggest Defendants acted with a retaliatory motive.  Accordingly, the Court dismisses Plaintiff's First Amendment claim.

Regarding her Fourth and Fourteenth Amendment claims, Plaintiff asserts that all of the DHS employees violated her constitutional rights by removing G.N.L. from her custody without a court order.  Amend. Compl. at 12, 16.  But Plaintiff's Amended Complaint includes state court records of the verbal and written court orders authorizing G.N.L.'s removal.  *See* Amend. Comp., Ex. 3; *id.*, Ex. 4.  Because Plaintiff's underlying allegations are patently false, the Court dismisses her Fourth and Fourteenth Amendment claims.

**B.     ADA Claim**

Plaintiff's claim under Title II of the ADA similarly fail, though for different reasons.[4]  To state an ADA claim, a plaintiff must allege "(1) that [s]he is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of some entity's services . . . or was otherwise discriminated against by the public entity, and (3) that such exclusion, denial of benefits, or discrimination was by reason of [her] disability."  *Villa v. D.O.C. Dep't of Corr.*, 664 F. App'x 731, 734 (10th Cir. 2016) (internal quotation marks omitted).

Here, Plaintiff alleges that "Montenegro, Walker, Jackson, Michael Case, Upchurch, and Miramontes perceived Plaintiff as having a mental health[] related disability" and used the disability "as pretext to justify custody interference."  Amend. Compl. at 17-18 (cleaned up).  The relevant Defendants counter that Plaintiff's allegations are too conclusory to state a claim.  *See*

---

[4] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

5

[Doc. No. 22 at 37-38]; [Doc. No. 29 at 25]. The Court agrees as Plaintiff's ADA claim broadly accuses the DHS employees of wrongdoing but fails to establish the roles each individual Defendant played. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (holding a plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Nor does Plaintiff establish any causal connection between the alleged perceived disability and the purported discrimination. *See Mitchell-Pennington v. Installtec, Inc.*, No. 2:23-CV-2324-JWB, 2024 WL 1885509, at *5 (D. Kan. Apr. 30, 2024) (finding significant plaintiff's failure to allege any facts linking the discriminatory incident to defendant's adverse action). Plaintiff's failure to do so renders her claim wholly conclusory and the Court therefore dismisses her ADA claim.

    C.    **State Law Fraud Claim**

Finally, the Court rejects Plaintiff's fraud claim. To state a fraud claim under Oklahoma law, a plaintiff must allege a defendant: (1) made a false material misrepresentation; (2) which [they] knew to be false or made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; (4) which was then relied on by the plaintiff; and (5) to plaintiff's own detriment. *Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). A party alleging fraud in federal court must meet the "heightened pleading standard" under Federal Rule of Civil Procedure 9(b). *United States ex rel. Wickliffe v. EMC Corp.*, 473 F. App'x 849, 851 (10th Cir. 2012). Specifically, the party must state the circumstances constituting fraud with "particularity," including "[the] time, place, method, [and] content of the alleged fraud[.]" *Cole v. Allstate Vehicle and Prop. Ins. Co.*, No. 5:25-290-J , 2025 WL 1510860, at *3 (W.D. Okla. May 28, 2025) (finding vague and conclusory fraud allegations to fall short of Rule 9(b)'s heightened pleading standard);

6

*see also United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (requiring fraud claims be supported by "factual allegations regarding the who, what, when, where and how") (cleaned up).

Here, Plaintiff alleges "Walker, Jackson, Michael Case, Jennifer Case, Montenegro, and Miramontes committed actionable fraud under Oklahoma law by knowingly making material false statements . . . and omit[ing] critical facts from court filings and official records." Amend. Compl. at 18-19 (cleaned up). The relevant Defendants all contend that she fails to state a fraud claim due to the same deficiencies plaguing her Amended Complaint more broadly—namely, her allegations are conclusory, contradicted by DHS records or the state court docket, or fail to attribute conduct to individual Defendants. [Doc. No. 22 at 33]; [Doc. No. 29 at 26].

Beginning with Walker and her supervisor Jackson, Plaintiff alleges the pair "misrepresented evidence to courts" and "omitted . . . [f]orensic interview findings" from the filings with the state district court. Amend. Compl. at 7. Regarding the former allegation, Plaintiff never specifies what evidence either Defendant misrepresented nor the "[the] time, place, method, [and] content of the alleged fraud[.]" *Cole*, 2025 WL 1510860, at *3. As to the latter allegation, Plaintiff is directly contradicted by the state court record which reflects that Walker included extensive details about the Mary Abbot House forensic interview in her court filings. *See* Amend. Compl., Ex. 5 at 3. Accordingly, Plaintiff fails to establish that either Walker or Jackson made false statements and, therefore, her fraud claim against both must fail.

Regarding Michael Case, Plaintiff alleges he admitted "he had not reviewed ER records" but fails to explain how this amounts to a false material misrepresentation. *See* Amend. Compl. at 19. Similarly, Plaintiff alleges that Jennifer Case denied Plaintiff's internal DHS appeal but again

7

14

fails to explain how her actions constituted fraud. *See id.* With respect to Miramontes, Plaintiff simply fails to allege any facts demonstrating that she acted fraudulently.

Finally, Plaintiff claims Montenegro "falsely asserted [that Plaintiff suffered from a] 'mental injury' . . . despite knowing no diagnosis . . . had been obtained." *Id.* But when describing the alleged misrepresentation, Plaintiff fails to specify the time or place of deception or to whom Montenegro made the statement, and, consequently, her vague and conclusory allegation falls short of Rule 9(b)'s heightened pleading standard. *See Polukoff*, 895 F.3d at 745 (requiring fraud claims be supported by "factual allegations regarding the who, what, when, where and how") (cleaned up). Consequently, the Court concludes that Plaintiff's allegations lack the specificity necessary to state a plausible fraud claim against any individual DHS employee.

## IV.   Conclusion

For the reasons above, the Court GRANTS Defendants' motions to dismiss [Doc. Nos. 21, 22, 29] and DISMISSES Plaintiff's Amended Complaint with prejudice. A separate judgment will enter.

IT IS SO ORDERED this 3rd day of November, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAILIE NICOLE LUTHER, individually and as the natural mother of G.N.L., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-279-J |
| THE STATE OF OKLAHOMA ex rel. THE OKLAHOMA DEPARTMENT OF HUMAN SERVICES, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

## JUDGMENT

Pursuant to an Order filed this same day, judgment is entered for Defendants and against Plaintiff.

IT IS SO ORDERED this 3rd day of November, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAILIE NICOLE LUTHER, individually ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Case No. CIV-25-279-J <br> THE STATE OF OKLAHOMA ex rel. ) <br> THE OKLAHOMA DEPARTMENT ) <br> OF HUMAN SERVICES, et al., ) <br> ) <br> Defendants. ) | **FILED** <br> DEC 0 1 2025 <br> JOAN KANE, CLERK <br> U.S. DIST. COURT, WESTERN DIST. OKLA <br> BY _____, DEPUTY |

### NOTICE OF APPEAL

Plaintiff Hailie Nicole Luther, appearing pro se, hereby gives Notice of Appeal to the United States Court of Appeals for the Tenth Circuit from the following:

The Order entered on November 3, 2025 (Doc. 35), granting Defendants' motions to dismiss; and The Judgment entered on November 3, 2025 (Doc. 36), dismissing Plaintiff's Amended Complaint with prejudice.

This Notice is timely under Federal Rule of Appellate Procedure 4(a)(1)(A).

Dated: December 1st, 2025

Respectfully submitted,

_/s/ Hailie Luther_
Hailie Nicole Luther
Plaintiff–Appellant, pro se
2 Hillcrest Drive
Chickasha, OK 73018
hailienluther@yahoo.com
405-892-3367

## CERTIFICATION OF MAILING

I hereby certify that on the 1st day of December 2025 a true and correct copy of the above and foregoing document was hand delivered/mailed regular mail to the below named attorney and the original was filed with this case.

TO: Amanda M. Self, OBA #20327
Assistant General Counsel
Oklahoma Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352
Amanda.Self@okdhs.org
Attorney for Defendants

_____
Hailie Luther